IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSHUA L. CHELI,<br><br>　　　　　Plaintiff,<br>　　v.<br><br><br>TAYLORVILLE CUSD #3<br>BOARD OF EDUCATION OF<br>TAYLORVILLE CUSD #3,<br><br><br>GREGG FUERSTENAU, and<br>CHRIS KUNTZMAN, INDIVIDUALLY<br>AND AS AGENTS OF TAYLORVILLE<br>CUSD #3,<br><br>　　　　　Defendants. | Case No. 3:19-cv-03085-SEM-TSH<br><br><br><br>Equitable Relief Requested |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

**NATURE OF CLAIM**

1. This action is brought under 42 U.S.C. §1983 to remedy Fourteenth Amendment due process violations in Plaintiff's termination of employment.

**THE PARTIES**

2. Plaintiff is an adult male who, at all relevant times, resided in Taylorville, Illinois.

3. Defendant Taylorville Community School District #3 (CUSD #3) is a body corporate located in Christian County and in that name may sue and be sued.

4. Defendant Board of Education of Taylorville CUSD #3 (hereinafter sometimes referred to as the "Board") governs and operates Defendant School District and has the authority to adopt, enforce, and monitor all policies for the management and governance

of the District's schools.

5. Gregg Fuerstenau at all relevant times was Superintendent of Taylorville CUSD#3.

6. Chris Kuntzman at all relevant times was Director of Computer Services of Taylorville CUSD #3.

**JURISDICTION AND VENUE**

7. This is a civil action arising under 42 U.S.C. §1983. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. Venue is properly laid because all actions complained of herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

8. Plaintiff began employment for CUSD #3 on or about September, 2014.

9. Plaintiff worked as a computer systems administrative assistant.

10. On Friday, September 28, 2018, Plaintiff was given only 20 or 25 minutes to report to his supervisor, Chris Kuntzman for a meeting. Plaintiff was not informed of the subject of the meeting.

11. At the meeting were Gregg Fuerstenau and Chris Kuntzman, who told him that he was being fired because of sexual harassment of a female student about three weeks prior to the meeting. A female student had reported that Plaintiff made her feel uncomfortable.

12. The meeting with Gregg Fuerstanau and Chris Kuntzman lasted only a few minutes. Plaintiff denied any misconduct; however, Chris Kuntzman and Gregg Fuerstanau told Plaintiff that there was nothing he could say to change things; that his termination of employment was a foregone conclusion; and that Plaintiff should resign or accept the consequences, i.e., termination of employment.

13. Plaintiff , who stutters, was not informed that he could bring another person with him to speak on his behalf .

14. On October 12, 2018, Plaintiff received by certified mail a Notice of Termination from the Board dated October 9, 2018 retroactive to September 28, 2018. (Exhibit A)

15. The Notice of Termination was based on a resolution of the board dated October 9, 2018 (Exhibit B).  The resolution authorized the President of the School Board or Superintendent of the School District to serve Plaintiff's Notice of Termination (Exhibit A).

16. Plaintiff was not provided written notice of the time and date of the October 9, 2018, Board meeting.

17. Plaintiff was not provided written notice of the charges against him or the evidence that the Board was to consider at their October 9, 2018, meeting.

18. The Notice of Termination (Exhibit A) stated nothing about sexual harassment.

19. The Notice of Termination (Exhibit A) stated, in pertinent part, "The basis or grounds for discharge include incompetence.  A copy of the written report submitted by Dr. Fuerstenau, dated September 28, 2018, setting forth some of the reasons for discharge, is available to you upon request."

20. On October 29, 2018, Plaintiff's counsel requested a copy of the written report submitted by Dr. Fuerstenau, dated September 28, 2018, to no avail.

21. CUSD#3 Board of Education Policy Manual incorporates the Master Agreement Between the Board of Education of Taylorville Community Unit School District #3 and Taylorville Educational Support Personnel for non-RIF dismissal of Educational Support Personnel ("Master Agreement").

22. Plaintiff, having successfully served the probationary period during which he was considered to be an at-will employee, had a protected property interest in his job in accordance with Article VIII of the Master Agreement.

## COUNT I
## Pre-Termination Due Process Violation

23. Plaintiff incorporates all preceding paragraphs into this count by reference as though fully stated herein.

24. Plaintiff was denied adequate notice of the charges against him, an explanation of the evidence, and an impartial hearing with the opportunity to explain his side of the story.

25. At the September 28, 2018, pre-termination meeting Gregg Fuerstenau and Chris did not address any of the reasons later given by the Board in Exhibits A and B hereto.

26. Plaintiff was denied a pre-termination opportunity to address any of the vague unsubstantiated grounds or reasons for his termination given in Exhibits A and B.

27. The September 28, 2018, pre-termination hearing was a sham, through and through.

28. Defendants Gregg Fuerstenau and Chris Kuntzman acting under color of law have personal involvement in the denial of Plaintiff's Constitutional rights.

## COUNT II
## Final Termination Due Process Violation

29. Plaintiff incorporates all preceding paragraphs into this count by reference as though fully stated herein.

30. Plaintiff was denied notice of the Board hearing on October 9, 2018; adequate explanation of the charges against him; and an impartial full and fair hearing by the Board.

31. Plaintiff was denied a pre-termination hearing on the grounds or reasons for his

4


termination as stated in Exhibits A and B.

32. Plaintiff states on information and belief that Gregg Fuerstenau and Chris Kuntzman presented various derogatory notes and papers to the board ex parte, without Plaintiff's prior knowledge or opportunity to rebut any unfavorable information.

33. Defendant CUSD #3 and Gregg Fuerstenau continue to withhold information concerning the closed session of the Board and notes and papers presented to the board ex parte.

34. Defendants Gregg Fuerstenau and Chris Kuntzman acting under color of law have personal involvement in the denial of Plaintiff's Constitutional rights.

**WHEREFORE**, Plaintiff prays that this Court:

1. Enter judgment against Defendants jointly and severally;

2. Order Plaintiff's reinstatement with full seniority and benefits, retroactive to the date of Plaintiff's discharge;

3. Award Plaintiff make whole relief:  (1) back pay and all benefits to include compensation sufficient to fully restore his IMRF retirement;  (2) compensatory damages for his humiliation and mental and emotional distress; (3)  punitive damages against the individual defendants; (4) interest on compensatory damages at a rate set by law;  and (5) costs and attorney's fees; and

4. Grant Plaintiff such other and further relief as this Court deems just and proper. Trial by jury demanded.

Respectfully submitted,

**JOSHUA L. CHELI**

<u>s/ James A. Devine</u>
    His Attorney

James A. Devine
Attorney at Law
607 East Adams, Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email: jamesalbertdevine@gmail.com
ARDC No. 0625140