IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSHUA L. CHELI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLORVILLE CUSD #3, | ) | |
| BOARD OF EDUCATION | ) | Case No. 19-cv-03085 |
| OF TAYLORVILLE CUSD #3, | ) | |
| GREGG FUERSTENAU, | ) | |
| and CHRIS KUNTZMAN, | ) | |
| Individually and as Agents of | ) | |
| TAYLORVILLE CUSD #3, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendants' Motion to Dismiss (d/e 14). Because the facts alleged in Plaintiff Joshua L. Cheli's First Amended Complaint and Jury Demand (d/e 13) are insufficient to permit a reasonable inference that Plaintiff has a constitutionally protected property interest in his continued employment with Taylorville CUSD #3 (CUSD #3), the motion is GRANTED.

# I. BACKGROUND

Most of the facts set forth below come from Plaintiff's First Amended Complaint. The Court accepts these facts as true in ruling on Defendants' Motion to Dismiss. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Additional facts come from two exhibits attached to the Motion to Dismiss. The first exhibit is Article VIII of a Master Agreement executed by the Board of Education of Taylorville CUSD #3 (the Board) and Taylorville's educational support personnel (Master Agreement). The second exhibit is a portion of CUSD #3's Policy Manual detailing the employment policies for educational support personnel (Policy Manual). The Court may consider these documents in ruling on Defendants' Motion to Dismiss because Plaintiff references the documents, which are central to his claims, in his First Amended Complaint. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

Plaintiff began working for CUSD #3 in September 2014 as a computer systems administrative assistant.  First Amended Complaint (d/e 13), ¶¶ 8-9, 21.  Plaintiff remained employed in that position until he was terminated on September 28, 2018.  Id. ¶ 10.

CUSD #3's Policy Manual incorporates the Master Agreement executed by the Board and Taylorville's Educational Support Personnel.  Id. ¶ 21.  Article VIII of the Master Agreement, titled "Discipline or Dismissal," provides as follows:

> [8.1]  An employee may be disciplined, suspended, and/or discharged for reasonable cause.  Grounds for discharge and/or suspension shall include, but not be limited to, drunkenness or drinking or carrying intoxicating beverages on the job, possession or use of any controlled and/or illegal drug, dishonesty, insubordination, incompetency, or negligence in the performance of duties.
>
> [8.2]  A conference with the employee shall be held prior to any suspension and/or discharge.
>
> [8.3]  An employee shall have the right to a representative of his/her choice in any meeting which may result in suspension and/or discharge.
>
> [8.4]  A written explanation for the suspension and/or discharge shall be given the employee so affected.
>
> [8.5]  Upon initial employment with Taylorville Community Unit School District #3, non-certified employees will serve a one hundred twenty (120) day probationary period.  During the period, the probationary non-certified employee will be an at-will employee.  If the employee's work is deemed

> unsatisfactory by the Administration and the Board during this period, the Board, at its discretion, may terminate the employment.

Master Agreement (d/e 14-1), at 2.

CUSD #3's Policy Manual includes a specific provision governing at-will employment for educational support personnel. The provision, titled "Employment At-Will," states as follows:

> Unless otherwise specifically provided, District employment is at-will, meaning that employment may be terminated by the District or employee at any time for any reason, other than a reason prohibited by law, or no reason at all.  Nothing in School Board policy is intended or should be construed as altering the employment at-will relationship.
>
> Exceptions to employment at-will may include employees who are employed annually, have an employment contract, or are otherwise granted a legitimate interest in continued employment.  The Superintendent is authorized to make exceptions to employing non-licensed employees at-will but shall maintain a record of positions or employees who are not at-will.

Policy Manual (d/e 14-2), at 2.

On September 28, 2018, Plaintiff was given 20 to 25 minutes to report to his supervisor for a meeting.  First Amended Complaint, ¶ 10.  Plaintiff was not informed of the subject of the meeting, nor was Plaintiff informed he could bring someone to the meeting to speak on his behalf.  Id. ¶¶ 10, 13.

CUSD #3 Superintendent Gregg Fuerstenau and Plaintiff's supervisor, Director of Computer Services Chris Kuntzman, were both present at the meeting, which lasted only a few minutes. Id. ¶¶ 11-12. During the meeting, Plaintiff was informed he was being fired for alleged sexual harassment of a female student who reported that, about three weeks prior, Plaintiff had made her feel uncomfortable. Id. ¶ 12. Plaintiff denied any misconduct; however, Fuerstenau and Kuntzman told Plaintiff that there was nothing he could say to change things, that his termination of employment was a foregone conclusion, and that Plaintiff should resign or accept the consequences, i.e., termination of employment. Id.

On October 12, 2018, Plaintiff received, via certified mail, a Notice of Termination from the Board that was dated October 9, 2018, but retroactive to September 28, 2018. Id. ¶ 14. The Notice of Termination stated that Plaintiff's termination was based on a resolution passed during a Board meeting held on October 9, 2018. Id. ¶¶ 15-16. Plaintiff never received written notice of the time and date of the Board meeting held on October 9, 2018, nor did he receive written notice of the charges against him or the evidence the Board was to consider during the meeting. Id. ¶¶ 16-17.

The Notice of Termination that Plaintiff received makes no mention of sexual harassment.  Id. ¶ 18.  The Notice of Termination states, in pertinent part, as follows: "The basis or grounds for discharge include incompetence.  A copy of the written report submitted by Dr. Fuerstenau, dated September 28, 2018, setting forth some of the reasons for discharge, is available to you upon request."  Id. ¶ 19.  On October 29, 2018, Plaintiff's counsel requested a copy of the written report submitted by Fuerstenau, to no avail.  Id. ¶ 20.

On July 23, 2019, Plaintiff filed his two-count First Amended Complaint against CUSD #3, the Board, and Fuerstenau and Kuntzman in their individual capacities and as agents of CUSD #3. Plaintiff brings his action under 42 U.S.C. § 1983, seeking to remedy Fourteenth Amendment procedural due process violations by Defendants in terminating Plaintiff's employment.

In Count I, Plaintiff alleges that because he has a protected property interest in his employment, Defendants violated his procedural due process rights when they terminated him and failed to provide adequate notice of the charges against him, an explanation of the evidence against him, and an impartial hearing

with the opportunity to explain his side of the story. Id., ¶ 24. Fuerstenau and Kuntzman failed to address any of the reasons for Plaintiff's termination that were later cited by the Board in its Resolution and Notice of Termination. Id. ¶ 25. Plaintiff was denied any opportunity to address the vague, unsubstantiated reasons for his termination. Id. ¶ 26.

In Count II, Plaintiff alleges that because he has a protected property interest in his employment, Defendants violated his procedural due process rights when they terminated him and failed to provide notice of the Board hearing held on October 9, 2018; an adequate explanation of the charges against him; and an impartial, full, and fair hearing by the Board to address the reasons for his termination as provided by the Board in its Resolution and Notice of Termination. Id. ¶¶ 30-31. Fuerstenau and Kuntzman presented various derogatory notes and papers to the Board, ex parte, without Plaintiff's prior knowledge or opportunity to rebut any unfavorable information. Id. ¶ 32. CUSD #3 and Fuerstenau continue to withhold information concerning the closed session of the Board, including any ex parte notes and papers that were presented to the Board. Id. ¶ 33.

On August 6, 2019, Defendants filed their Motion to Dismiss and a Memorandum of Law in Support (d/e 15). Defendants seek to have Plaintiff's claims dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that Plaintiff has failed to allege any facts establishing that he had a property interest in his continued employment with CUSD #3 that would entitle him to due process with respect to his termination.

On August 12, 2019, Plaintiff filed a Response to Defendants' Motion to Dismiss (d/e 16). Plaintiff asserts that he has a protected property interest in his continued employment with CUSD #3 pursuant to the plain language of Article VIII of the Master Agreement.

## II. LEGAL STANDARD

A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations are accepted

as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (internal quotation omitted). The court must draw all inferences in favor of the non-moving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009).

### III. ANALYSIS

The Due Process Clause of the Fourteenth Amendment provides: "[No State shall] deprive any person of life, liberty or property, without due process of law." U.S. CONST. amend. XIV, § 1. However, "the procedural protections of the Due Process Clause [are only] triggered [when] state action implicates a constitutionally protected interest in life, liberty, or property." Lekas v. Briley, 405 F.3d 602 at 607 (7th Cir. 2005). In order for a plaintiff "to demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." Khan v. Bland, 630 F.3d 519, 527 (7th Cir. 2010).

The Due Process Clause protects property interests but does not create them. Therefore, a plaintiff claiming a procedural due

process violation must plausibly allege that he has a cognizable property interest established by "an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Frey Corp. v. City of Peoria, 735 F.3d 505, 509-10 (7th Cir. 2013) (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564-577 (1972)).  In the employment context, "a protected property interest . . . can arise from a statute, regulation, municipal ordinance, or an express or implied contract."  Covell v. Menkis, 595 F.3d 673, 675-76 (7th Cir. 2010).

Because Plaintiff was employed in Illinois, the Court looks to Illinois law to determine whether he has a protected property interest in his continued employment.  See Bishop v. Wood, 426 U.S. 341, 344 (1976) ("The sufficiency of a claim of entitlement must be decided by reference to state law").  In Illinois, it is presumed that "an employment relationship without a fixed duration is terminable at will by either party."  Duldulao v. Saint Mary of Nazareth Hosp. Ctr., 505 N.E.2d 314, 317 (Ill. 1987).  This presumption "can be overcome by demonstrating that the parties contracted otherwise."  Id. at 318.  "At-will employees may generally

be discharged for any reason or for no reason at all." Pantoja v. Holland Motor Exp., Inc., 965 F.2d 323, 329 (7th Cir. 1992). "A public employee who may be terminated only for cause has a property interest in continued employment." Flaningam v. County of Winnebago, 243 F. App'x 171, 174 (7th Cir. 2007).

In the present case, Plaintiff's employment is presumed to be at-will because he has not alleged that his employment was for a fixed duration. Plaintiff's attempt to adequately plead that he has a protected property in continued employment relies on two documents—the Master Agreement and CUSD #3's Policy Manual. However, the provisions of these documents, even taken together, fail to plausibly indicate that Plaintiff could be terminated from his employment with CUSD #3 only for cause.

Plaintiff's argument relies primarily on Section 8.5 of the Master Agreement, which states as follows:

> Upon initial employment with Taylorville Community Unit School District #3, non-certified employees will serve a one hundred twenty (120) day probationary period. During the period, the probationary non-certified employee will be an at-will employee. If the employee's work is deemed unsatisfactory by the Administration and the Board during this period, the Board, at its discretion, may terminate the employment.

Page **11** of **17**

Master Agreement, at 2. Plaintiff argues that the plain meaning of this provision grants Plaintiff a property interest in continued employment with CUSD #3 because he completed his 120-day probationary period. Response (d/e 16), at 1-2.

However, under Illinois law, "[t]he mere presence of a probationary period does not by implication create an enforceable property right to continued employment for nonprobationary employees." Cromwell v. City of Momence, 713 F.3d 361, 364 (7th Cir. 2013). Provisions in employment manuals regarding probationary and non-probationary employees can create a protected property interest "but only when coupled with other language independently suggesting an expectation of continued employment." Id. at 365.

None of the other provisions of the Master Agreement independently suggest that Plaintiff has a protected property interest in continued employment. Section 8.1 of the Master Agreement provides that an employee may be disciplined, suspended, or discharged for reasonable cause and provides examples of grounds justifying suspension or discharge. This permissive language does not create a property interest or a

promise of continued employment.  See Flaningam, 243 F. App'x at 174 ("Moreover, we have held that permissive language like that used in § 62-291(b) ('*may* be cause') generally does not create an enforceable property right."); Border v. City of Crystal Lake, 75 F.3d 270, 275 (7th Cir. 1996) ("Similarly, the fact that Crystal Lake has decided to give specific warning that certain behaviors . . . will be punished, perhaps even result in termination, is no limitation on its power to punish for other reasons (or indeed to terminate for no reason at all, since the employment is at will); Lashbrook v. Oerkfitz, 65 F.3d 1339, 1347 (7th Cir. 1995) (holding that language in a policy manual stating that an employee could be dismissed "for just cause" did not mean that an employee could be dismissed for only just cause).

Sections 8.2 through 8.4 entitle certain employees of CUSD #3 to a conference prior to a suspension or discharge, the presence of a representative at any meeting that may result in a suspension or discharge, and a written explanation for any suspension or discharge.  But these procedures do not create a property interest or a promise of continued employment.  See Moulton v. Vigo County, 150 F.3d 801, 804-05 (7th Cir. 1998) ("The mere fact that

an employee is entitled to a hearing before [he] is terminated…does not establish that [he] has a property right in [his] job."). Plaintiff must show that he is entitled to continued employment, not to procedures related to suspension and termination of employment. Flaningam, 243 F. App'x at 174; see also Campbell v. City of Champaign, 940 F.2d 1111, 1113 (7th Cir. 1991) ("[A] contract that creates merely a right to procedure does not create a property right within the meaning of the due process clause.").

    The Master Agreement provides that an employee must serve a 120-day probationary period and is an at-will employee during that time.  But such a provision is insufficient to establish that the employee has a property right in continued employment after the probationary period ends, and none of the other cited provisions of the Master Agreement suggest an expectation of continued employment.  The language of the Master Agreement alone does not plausibly suggest that Plaintiff has a property interest in continued employment with CUSD #3.

    That leaves CUSD #3's Policy Manual as a potential source of Plaintiff's alleged right to continued employment.  Under Illinois law, an employee handbook or other policy statement may create a

valid contract for continued employment when three conditions are present: (1) "the language of the policy statement [contains] a promise clear enough that an employee would reasonably believe that an offer has been made"; (2) "the statement [was] disseminated to the employee in such a manner that the employee [was] aware of its contents and reasonably believ[ed] it to be an offer"; and (3) "the employee accept[ed] the offer by commencing or continuing to work after learning of the policy statement." Duldulao, 505 N.E.2d at 318.

The Policy Manual promulgated by CUSD #3 does not contain a promise clear enough that an employee would believe that an offer of anything other than at-will employment was made. The Court, as it must, accepts as true the allegation that the Policy Manual incorporates the provisions of Article VIII of the Master Agreement. As discussed above, those provisions alone do not grant Plaintiff a property interest in continued employment with CUSD #3. So Plaintiff needs some provision in the Policy Manual reasonably indicating that he was granted a right to continued employment.

The provisions of the Policy Manual contain no such promise, however. Rather, the Policy Manual informs each employee that

"[n]othing in School Board policy is intended or should be construed as altering the employment at-will relationship." Policy Manual, at 2. This disclaimer defeats Plaintiff's attempt to establish a property interest in continued employment through CUSD #3's Policy Manual. See Border, 75 F.3d at 273 ("Illinois courts have recognized, however, that a disclaimer within an employee handbook can be sufficient to show that no 'clear promise' of continuing employment was made, and thus that the handbook did not create a legitimate claim of entitlement to employment.").

### III. CONCLUSION

Because Plaintiff Joshua L. Cheli has not sufficiently plead a constitutionally protected property interest in his continued employment with Taylorville CUSD #3, Defendants' Motion to Dismiss (d/e 14) is GRANTED. Plaintiff's First Amended Complaint and Jury Demand (d/e 13) is DISMISSED WITHOUT PREJUDICE. Plaintiff may file a second amended complaint by Friday, June 12, 2020. If Plaintiff does not file a second amended complaint by that date, the dismissal will automatically convert to a dismissal with prejudice.

ENTER:  May 29, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE